IN THE UNTIED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANDREW CARR<br>19409 MILAN AVE<br>MAPLE HEIGHTS, OHIO 44137<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>DETECTIVE ALFRED JOHNSON<br>In his official and individual capacities<br>C/O CLEVELAND POLICE DEPT.<br>1300 ONTARIO STREET<br>CLEVELAND, OHIO  44113<br><br>　　　And<br><br>PATROLMAN RON DODGE<br>In his official and individual capacities<br>C/O GARFIELD HEIGHTS POLICE DEPT.<br>5555 TURNEY ROAD<br>GARFIELD HEIGHTS, OHIO 44125<br><br>　　　And<br><br>OFFICER STEVEN DAVIS<br>In his official and individual capacities<br>C/O SOLON POLICE DEPT.<br>33000 SOLON ROAD<br>SOLON, OHIO 44139<br><br>　　　And<br><br>SGT. KEITH E. KULAK<br>In his official and individual capacities<br>C/O SOLON POLICE DEPT.<br>33000 SOLON ROAD<br>SOLON, OHIO 44139<br><br>　　　And<br><br>CLEVELAND POLICE DEPT.<br>1300 ONTARIO STREET<br>CLEVELAND, OHIO  44113 | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT**<br>**(Jury Demand Endorsed Herein)** |

1

|  |  |
|---|---|
| And | ) |
|  | ) |
| GARFIELD HEIGHTS POLICE DEPT. | ) |
| 5555 TURNEY ROAD | ) |
| GARFIELD HEIGHTS, OHIO 44125 | ) |
|  | ) |
| And | ) |
|  | ) |
| SOLON POLICE DEPT. | ) |
| 33000 SOLON ROAD | ) |
| SOLON, OHIO 44139 | ) |
|  | ) |
| And | ) |
|  | ) |
| CITY OF CLEVELAND, OHIO | ) |
| C/O BARBARA LANGHENRY | ) |
| DIRECTOR OF LAW | ) |
| 601 LAKESIDE AVENUE, ROOM 106 | ) |
| CLEVELAND, OH 44114 | ) |

Plaintiff, Andrew Carr, for his Complaint against Defendants Detective Alfred Johnson, Patrolman Ron Doge, Officer Steven Davis, Sergeant Keith Kulak, Cleveland Police Department, Solon Police Department, Garfield Heights Police Department, and the City of Cleveland states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this civil right lawsuit pursuant to 42 U.S.C. § 1983 to redress the deprivation, by the Defendants under color of state law, of the rights, privileges, and immunities secured to him under the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising out of the Constitutional of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiff's causes of action arising under the Ohio state law pursuant to 28 U.S.C. § 1367.

2

3. Venue lies in the United States District Court for the Northern District of Ohio pursuant to §1391 and §1392, because the events or omissions giving rise to Plaintiff's claims occurred in Cuyahoga County, Ohio and all of the parties reside in this federal district.

## PARTIES

4. Plaintiff, Andrew Carr, at all times herein was a citizen of the United States and a resident of Cuyahoga County, Ohio.

5. At all times, and in all his actions described herein, Defendant, Detective Alfred Johnson (hereinafter "Defendant Johnson") was a Detective employed by the Cleveland Police Department, a municipality organized and existing pursuant to the laws of the State of Ohio.

6. At all times herein, and in all his actions described herein, Defendant Johnson was acting under the color of law, including the customs, usages, policies, and practices established by the Cleveland Police Department, and in his capacity pursuant to his authority as a Detective for the Cleveland Police Department.

7. Defendant Johnson is also sued individually.

8. At all times, and in all his actions described herein, Patrolman Ron Dodge (hereinafter "Patrolman Dodge") was a patrolman employed by the Garfield Heights Police Department, a municipality organized and existing pursuant to the laws of the State of Ohio.

9. At all times herein, and in all his actions described herein, Patrolman Dodge was acting under the color of law, including the customs, usages, policies, and practices established by the Garfield Heights Police Department, and in his capacity pursuant to his authority as a Patrolman for the Garfield Heights Police Department.

10. Defendant Dodge is also sued individually.

11. At all times, and in all his actions described herein, Defendant, Sergeant Keith Kulak (hereinafter "Defendant Kulak") was a Sergeant employed by the Solon Police Department, a municipality organized and existing pursuant to the laws of the State of Ohio

12. At all times herein, and in all his actions described herein, Defendant Kulak was acting under the color of law, including the customs, usages, policies, and practices established by the Solon Police Department, and in his capacity pursuant to his authority as a Sergeant for the Solon Police Department.

13. Defendant Kulak is also sued individually.

14. At all times, and in all his actions described herein, Defendant, Officer Steven Davis (hereinafter "Defendant Davis") was an Officer employed by the Solon Police Department, a municipality organized and existing pursuant to the laws of the State of Ohio

15. At all times herein, and in all his actions described herein, Defendant Davis was acting under the color of law, including the customs, usages, policies, and practices established by the Solon Police Department, and in his capacity pursuant to his authority as a Sergeant for the Solon Police Department.

16. Defendant Davis is also sued individually.

17. Defendant Cleveland Police Department (Herein "CPD") establishes the practices, customs, usages, polices, practices to be used by its officers, detectives, and other personnel.

18. Defendant Solon Police Department (Herein "SPD") establishes the practices, customs, usages, polices, practices to be used by its officers, detectives, and other personnel.

19. Defendant Garfield Heights Police Department (Herein "GHPD") establishes the practices, customs, usages, polices, practices to be used by its officers, detectives, and other personnel.

20. Each and every act an omission of each Defendant alleged herein occurred in the County of Cuyahoga and State of Ohio.

## FACTS

21. Plaintiff Andrew Carr was legally, and lawfully, in his home located at 19409 Milan Drive, Maple Heights, Ohio at the time Defendants and their agents entered his home on April 14, 2016.

22. Defendants Dodge, Davis, and Kulak entered Plaintiff's home by breaching the front door.

23. Defendants Dodge, Davis, and Kulak entered Plaintiff's home without the traditional "knock and announce."

24. Defendants Dodge, Davis, and Kulak entry into the home was captured on video.

25. Defendants threw a flash bang device through the front door of the home located at 19409 Milan Drive, Maple Heights, Ohio.

26. The flash bang device was intended to disorientate, or disable, any individual who may be in the home.

27. This flash bang device was used unlawfully on individuals residing lawfully in the home located at 19409 Milan Drive.

28. The flash bang device can reasonably be described as an explosive device that can be mistaken for gun fire.

29. Defendants Dodge, Davis, and Kulak entered into 19409 Milan Drive after the flash bang device had detonated.

30. Defendants Dodge, Davis, and Kulak did not announce themselves as police immediately upon entering the home.

31. Defendants Dodge, Davis, and Kulak were wearing body armor, carrying fire arms, and other tactical gear.

32. Defendants Dodge, Davis, and Kulak arrested Plaintiff upon the allegation of felonious assault of a police officer.

33. Plaintiff remained incarcerated awaiting trial from the date of his arrest until he was freed on a personal bond on September 8, 2016.

34. Defendants Dodge, Davis, and Kulak believed that Plaintiff was the subject of an investigation by Detective Johnson.

35. Defendants Dodge, Davis, and Kulak had the opportunity to read the search warrant prepared for 19409 Milan Drive, Maple Heights, Ohio.

36. Defendants Dodge, Davis, and Kulak had an obligation to personally review the search warrant to determine if they believed probable cause existed to enter the home.

37. Probable cause did not exist based on the search warrant to enter 19409 Milan Drive, Maple Heights, Ohio on April 14, 2016.

38. The search warrant referenced above was completed by Detective Johnson.

39. Detective Johnson took the search warrant to Judge Michael Astrab, then a judge of the Cuyahoga County Court of Common Pleas.

40. Detective Johnson was aware that Judge Astrab, and his family, had recently been the victims of a gang known as the Heartless Felons.

41. Detective Johnson was aware that the subject of his investigation was Michael Menefield, not Plaintiff Andrew Carr.

42. Detective Johnson believed that Michael Menefield was a member of the Heartless Felons gang.

43. Detective Johnson claims that Michael Menefield listed his home address as 19409 Milan Drive, Maple Heights, Ohio.

44. Detective Johnson testified that the last time he conducted surveillance on 19409 Milan Drive, Maple Heights, Ohio was in November 2015.

45. Detective Johnson testified that at no point did he personally observe Michael Menefield residing at 19409 Milan Drive, Maple Heights, Ohio.

46. Detective Johnson testified that Michael Menefield had multiple other addresses associated with his name.

47. Detective Johnson did not conduct surveillance on any of the other addresses associated with Michael Menefield.

48. Detective Johnson testified he never conducted a trash pull on the residence of 19409 Milan Drive, Maple Heights, Ohio to confirm whether Michael Menefield actually resided there.

49. In fact, Michael Menefield did not reside at 19409 Milan Drive, Maple Heights, Ohio.

50. Michael Menefield was known to the Maple Heights Police Department to have resided at a different address in their city.

51. A detective from Maple Heights testified that he was stationed at the time of the road in front of a different home (other than 19409) on Milan Drive because they believed he would emerge from the home in which the detective had positioned himself in front of.

52. At the time the search warrant was executed there was no probable cause to believe Michael Menefield resided in 19409 Milan Drive.

53. At the time the search warrant was executed there was no probable cause to believe that Michael Menefield, or anyone else, had committed or conducted criminal activity in the home located at 19409 Milan Drive.

54. The search warrant drafted by Detective Johnson lacked probable cause to justify the search of 19409 Milan Drive, Maple Heights, Ohio.

55. Detective Johnson knew he lacked probable cause to execute a search on 19409 Milan Drive, Maple Heights, Ohio.

56. Defendants executing the search warrant failed to read the search warrant prior to its execution.

57. Defendants executing the search warrant either knew they lacked probable cause to execute the search warrant or they should have known had they read the search warrant prior to its execution.

58. Detective Johnson testified that he never reduced any portion of his investigation into Michael Menefiled and 19409 Milan Drive into writing.

59. Detective Johnson did not complete any form of police report as it relates to his investigation into Michael Menefield and 19409 Milan Drive.

60. The purpose of execution of the search warrant was to unlawfully, and in violation of the Constitution, pressure the occupants to provide information against Menefield or the Heart Felons.

61. During pretrial negotiations Detective Johnson, through the Cuyahoga County prosecutors, requested Plaintiff to provide testimony against Menefield to which Plaintiff refused.

62. Plaintiff Andrew Carr filed a motion to suppress evidence on September 16, 2016, immediately following the production of the search warrant.

63. The State of Ohio called two witnesses in defense of the search warrant: Detective Johnson, and another Detective from the Maple Heights Police Department. The matter was continued for further hearing and to determine if Judge Astrab would be compelled to testify.

64. The State of Ohio dismissed the case in its entirety following the testimony of a detective from MHPD who testified he was waiting for Michael Menefield to come out of a different home when the search warrant was executed..

65. Plaintiff Andrew Carr incurred substantial attorney fees in excess of twenty-thousand dollars to defend himself.

66. Plaintiff Andrew Carr lost his employment and fulfilling career where he had worked with mentally disabled individuals.

67. Plaintiff Andrew Carr was deprived of his ability to become a United States Citizen as he was arrested the morning he was to be sworn-in as a citizen of this nation.

## FIRST CAUSE OF ACTION- CIVIL RIGHTS VIOLATION

68. Plaintiff restates and reavers the allegations contained in paragraphs one through sixty seven as if fully restated herein.

69. Defendant Johnson, intentionally and unreasonably executed an affidavit for a search warrant for Plaintiff's home without probable cause.

70. Defendant Johnson knowingly and deliberately omitted material evidence in an affidavit for a search warrant for Plaintiff's home.

71. Defendant Johnson did not have probable cause to believe that any criminal activity was being conducted in Plaintiff's home.

72. Defendant Johnson knew that the search warrant obtained for Plaintiff's home was not based on probable cause.

73. As a direct and proximate result of said wrongful, tortious, illegal, and unconstitutional acts of Defendants Johnson, Dodge, Davis, Kulak, CPD, SPD, and GHPD, Plaintiff suffered economic damages in an amount to be ascertained, said damages being continuing in nature, including but not limited to lost income.

74. The actions of Defendants Johnson, Dodge, Davis, Kulak, CPD, SPD, and GHPD and each of them, were either intentional, malicious, willful, oppressive, and in deliberate disregard for the

9

rights of the Plaintiff, so as to entitle Plaintiff to an award of punitive damages and attorney's fees, in addition to compensatory damages.

## SECOND CAUSE OF ACTION- FAILURE TO TRAIN

75. Plaintiff restates and reavers the allegations contained in paragraphs one through seventy-four as if fully restated herein.

76. CPD has a documented history of failing to train its officers and detectives.

77. CPD has a pattern of conduct for failing to train its officers and detectives.

78. CPD, SPD, and GHP failed to provide proper training for their officers, sergeants, and detectives thereby resulting in the violation of Plaintiff's constitutional rights as described herein.

79. CPD, SPD, and GHP failed to promulgate policies, plans, and procedures designed to protect the civil rights of the persons who come in contact with its officers thereby resulting in violations of Plaintiff's constitutional rights as described herein.

## THIRD CAUSE OF ACTION- CIVIL CONSPIRACY

80. Plaintiff restates and reavers the allegations contained in paragraphs one through seventy-nine as if fully restated herein.

81. Defendants wrongfully and tortuously conspired to violate the civil rights of Plaintiff by conspiring to execute a warrant without probable cause upon his premises.

82. Defendants conspired to maliciously prosecute Plaintiff, by providing false and misleading information in official reports and affidavits and by otherwise conspiring to violate Plaintiff's civil rights.

83. The actions of Defendants as described herein, were overt acts done in the furtherance of the conspiracy.

84. Defendants, acting in a combination of two or more persons, conspired to injure Plaintiff in a way that would not occur if each acted alone.

85. As a direct and proximate result of the wrongful, tortious, illegal, and unconstitutional acts of Defendants, Plaintiff has suffered, is suffering, and will continue to suffer humiliation, embarrassment, loss of reputation, severe mental anguish, and emotional distress, and was otherwise damaged.

86. As a further direct and proximate result of the tortious, illegal, and unconstitutional acts of Defendants, Plaintiff has suffered, is suffering, and will continue to suffer the loss of earning and earning capacity.

87. The actions of Defendants were done in the furtherance of a conspiracy and were intentional, malicious, willful, wanton, and oppressive and in deliberate disregard for the rights of Plaintiff, so as to entitle Plaintiff to an award of punitive damages in addition to compensatory damages against each defendant.

## FOURTH CAUSE OF ACTION- FALSE ARREST/IMPRISONMENT

88. Plaintiff restates and reavers the allegations contained in paragraphs one through eighty-seven as if fully restated herein.

89. Defendants intended to and did seize and confine the person of Plaintiff.

90. The arrest and imprisonment of Plaintiff was done without probable cause.

91. As a direct and proximate result of the false imprisonment, Plaintiff has suffered humiliation, embarrassment, loss of reputation, severe mental anguish, and emotional distress, and was otherwise damaged.

92. As a further direct and proximate result of the false imprisonment, Plaintiff has suffered economic damages in an amount to be ascertained, said damages being continuing in nature, including, but not limited to lost income.

93. As a further direct and proximate result of the false imprisonment, Plaintiff has suffered the loss of his ability to become a United States citizen.

94. Defendants actions were malicious, in bad faith, and wanton and/or reckless within the meaning of Ohio Revised Code Section 2744.03(A)(6)(b).

95. Defendants were intentional, malicious, willful, wanton, and oppressive and in deliberate disregard for the rights of Plaintiff, so as to entitle Plaintiff to an award of punitive damages in addition to compensatory damages against each defendant.

## FIFTH CAUSE OF ACTION- MALICIOUS PROSECUTION AND VIOLATION OF STATE LAW

96. Plaintiff restates and reavers the allegations contained in paragraphs one through nintey-five as if fully restated herein.

97. Defendants executed a search warrant in violation of Ohio Revised Code Section 2935.12 and 2933.231.

98. Defendants violation of Ohio Revised Code Section 2935.12 and 2933.231 were captured on video.

99. Defendants maliciously and without probable cause charged Plaintiff with the criminal offense of felonious assault of a police officer.

100. Defendants knew that Plaintiff acted in self-defense.

101. The criminal charges against Plaintiff were dismissed only after he had incurred serious financial, personal, and other damages as described above.

102. The aforementioned charges filed against Plaintiff were based upon false and misleading information provided by Defendants.

103. As a direct result of the malicious prosecution of the Plaintiff by Defendants, Plaintiff suffered injury to his reputation, was humiliated and subject to indignities, suffered great stress of body and mind, was prevented from transacting his business, incurred expenses, and was otherwise damaged.

### SIXTH CAUSE OF ACTION – VIOLATION OF PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES

104. Plaintiff reavers the allegations contained in paragraphs one through one hundred three above as if fully stated herein.

105. Plaintiff is entitled to the full protections of the Fourth Amendment to the United States Constitution.

106. Plaintiff is permitted to bring a claim under 42 U.S.C. §1983 for violations of the Fourth Amendment as held in *Manuel v. Illinois*, 540 U.S. ____ (2017).

107. Defendants executed a search warrant that lacked probable cause.

108. At least one defendant had actual knowledge that the search warrant lacked probable cause.

109. Defendants knew, or should have know, that the search warrant in this matter lacked probable cause.

110. Defendants, despite the defect in the search warrant, entered Plaintiff's home as stated above.

111. Defendants violated Plaintiff's Fourth Amendment Rights against unreasonable searches and seizures by executing a defective search warrant and detaining him.

112. As a direct result of Defendants' conduct Plaintiff suffered injury to his reputation, was humiliated and subject to indignities, suffered great stress of body and mind, was prevented from

transacting his business, incurred expenses including attorney fees, was prevented from becoming a United States citizen, and was otherwise damaged.

## **DAMAGES**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

A. An award in excess of $500,000.00 in compensatory damages against each defendant pursuant to each count;

B. An award in excess of $500,000.00 in punitive damages against each of the individual defendants for the willful and wanton disregard of the rights of Plaintiff.

C. Costs, interest, attorney fees, and such other relief as this Court deems just and proper.

Respectfully submitted,

By: _____
Joseph C. Patituce (#0081384)
Megan M. Patituce (#0081064)
Catherine R. Meehan (#0088275)
Patituce & Associates, LLC.
26777 Lorain Road, Suite 708
North Olmsted, Ohio 44070
(440) 471-7784 (office)
(440) 398-0536 (fax)
attorney@patitucelaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues raised in the herein action comprised of the maximum number of jurors permitted by law.

By: _____
Joseph C. Patituce (#0081384)
Megan M. Patituce (#0081064)
Catherine R. Meehan (#0088275)
Attorneys for Plaintiff, Andrew Carr